IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICKOLAS LEONARDOS,

    Petitioner,

v.

LOREN BUDDRESS, in his capacity as Chief Probation Officer of the SAN MATEO COUNTY PROBATION DEPARTMENT,

    Respondent.

No. C 06-07769 JSW

**ORDER GRANTING APPLICATION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE PENDING EXHAUSTION**

Petitioner Nickolas Leonardos has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Leonardos' application to hold the petition in abeyance pending exhaustion of potentially dispositive claims in state court. After considering the record, the parties' papers and arguments, and relevant legal authority, the Court hereby GRANTS the application to hold the petition for writ of habeas corpus in abeyance.

**BACKGROUND**

Leonardos was convicted in San Mateo County in November 2003 of one count of annoying or molesting a child and one count of child endangerment, both misdemeanors. Leonardos was sentenced to 90 days in county jail and three years of supervised probation. The child endangerment conviction was overturned by the California appellate court for insufficient evidence. *People v. Leonardos*, A106914, 2005 Cal. App. Unpub. LEXIS 5685, *22-23 (Cal. App. 1 Dist. June 25, 2005). Leonardos appealed the remaining misdemeanor conviction to the California Supreme Court but review was denied. *People v. Leonardos*, S135998, 2005 Cal.

1  LEXIS 10421, *1 (Sept. 21, 2005). The time period to seek certiorari from the United States
2  Supreme Court was December 20, 2005.

3       On December 19, 2006, Leonardos initiated the present action in this Court. He
4  simultaneously filed a petition for writ of habeas corpus and an application to hold the petition
5  in abeyance pending exhaustion of claims in state court. The petition includes five claims, four
6  of which have not been exhausted. In Leonardos' four unexhausted claims he alleges violations
7  of the Fifth, Sixth, and Fourteenth Amendments as a result of: (1) the prosecutor's suppression
8  of material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) new evidence
9  undermining the state's case; (3) ineffective assistance of counsel for failing to introduce this
10 evidence; and, (4) cumulative error based on all of the errors combined. (Application at 3;
11 Petition at 2-14.) Leonardos filed a writ of habeas corpus containing the four unexhausted
12 claims with the California Supreme Court on December 18, 2006. (Application at 3.)

## ANALYSIS

**A.  Legal Standard.**

15      Prisoners in state custody who wish to challenge collaterally in federal habeas
16 proceedings either the fact or length of their confinement are required first to exhaust state
17 judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
18 highest state court available with a fair opportunity to rule on the merits of each and every claim
19 they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-
20 16 (1982). Requiring exhaustion of claims provides state courts with "the first opportunity to
21 correct federal constitutional errors and minimizes federal interference and disruption of state
22 judicial proceedings." *Rose*, 455 U.S. at 514. If the petition combines exhausted and
23 unexhausted claims, the district court must dismiss the entire habeas petition without reaching
24 the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

25      The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly
26 presented" to the state courts, *see Picard v. Connor*, 404 U.S. 270, 275 (1971); *Crotts v. Smith*,
27 73 F.3d 861, 865 (9th Cir. 1996), *overruled on other grounds by* 28 U.S.C. § 2244, or (2) no
28 state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). To

fairly present a federal claim to the state court, a petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard*, 404 U.S. at 271). A petitioner must make more than "a general appeal" to a broad constitutional guarantee. *Gray*, 518 U.S. at 163. Specific reference to the federal constitution and citations to federal authority discussing the constitutional provision sufficiently alert the state courts to the federal nature of a petitioner's claim. *See, e.g.*, *Caswell v. Calderon*, 363 F.3d 832, 838 (9th Cir. 2004).

Here, Leonardos concedes that he failed to exhaust four of the five claims in the habeas petition filed on December 19, 2006. (Application at 1.) The unexhausted claims are primarily based on the discovery of new evidence, including the prosecution's alleged failure to disclose the criminal history of one of the testifying witnesses and a recent declaration from a witness claiming that the accuser made exculpatory statements. (Petition, Exs. D, E.)

**B.     Leonardos Has Established That a Stay is Warranted.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations to file a petition for a federal writ of habeas corpus concerning a state court judgment. 28 U.S.C. § 2244(d)(1). However, exhaustion of all state remedies is a prerequisite to the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 510. The interplay of these two requirements created a problem for petitioners filing mixed petitions because the statute of limitations often precluded petitioners from obtaining federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

In *Rhines*, the Supreme Court resolved this problem by approving a procedure whereby a district court, in its discretion, could "stay [a] petition and hold it in abeyance while [a] petitioner returns to state court to exhaust his previously unexhausted claims." *Id*. However, because a stay and abeyance has the potential to frustrate AEDPA's dual purposes of encouraging finality of state court judgments and creating incentives for petitioners to seek relief in state court first, the Supreme Court also stated that the "stay and abeyance should be available only in limited circumstances." *Id*. at 277-78.

3

Thus, under *Rhines*, the stay and abeyance of a mixed petition is only appropriate when the district court determines: (1) "there was good cause for petitioner's failure to exhaust his claims in state court;" (2) the unexhausted claims are not "plainly meritless;" and (3) "reasonable time limits are placed on a petitioner's trip to state court and back." *Id*.

In order to grant a stay the petitioner must first show that there was good cause for the failure to exhaust the claims in state court. *Rhines*, 544 U.S. at 277-78. District courts within the Ninth Circuit have found "good cause" to require at a minimum a showing of some "circumstance over which [petitioner] had little or no control" that prevented the petitioner from asserting the unexhausted claim in state court. *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see also Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him.").

Here, the state habeas petition was filed with two days left on the statute of limitations. (Application at 5.) A subsequent habeas petition before this Court will be time-barred if there is any short delay in notification from the California Supreme Court. (Application at 7.) Even with careful and diligent lawyering, a two-day window with notice from the state court notification system may not be enough time to file the federal habeas petition. (Application at 5.) Leonardos supports his position with a case from this district granting a stay, finding good cause when there was only 12 days left on the statute of limitations to file a federal habeas petition after the state habeas petition was exhausted. *Delongis v. Ollison*, 2006 U.S. Dist. LEXIS 60732, *3 (N.D. Cal. 2006) (holding that good cause for a stay was met because "the window in which he has to file his federal petition is extremely narrow – approximately twelve days – and that absent a stay, any small delay in notification to petitioner may result in forfeiture of his rights under AEDPA.")

The unexhausted claims are also based on new evidence that was allegedly suppressed by the prosecution. (Application at 3; Petition, Exs. D, E.) The alleged suppression of this evidence by the prosecution cannot be fairly attributable to Leonardos and thus is an objective

4

factor in favor of finding good cause.  Also, newly discovered evidence weighs in favor of finding good cause.  *See Roberts v. Harrison*, 2006 U.S. Dist. LEXIS 16115, *2 (E.D. Cal 2006) (finding good cause was met because of newly discovered evidence in the form of declarations from percipient witnesses).

Leonardos also argues that the unexhausted claims have already been filed with the state court, which decreases the chance of delay and frustration of the goals of AEDPA to encourage the finality of state court judgements and for petitioners to litigate claims in state court first. *See Rhines*, 544 U.S. at 277-78.  This also weighs in favor of finding good cause.

Denying a stay in this case will likely preclude federal review of Leonardos' unexhausted claims which are based on newly discovered evidence.  Leonardos has also been diligent because he has already filed the state habeas corpus petition.  Considering all of these factors, the Court concludes that Leonardos has shown good cause to grant the stay.

The district court may still deny a stay after finding good cause if the claims are plainly meritless.  *Rhines*, 544 U.S. at 277.  Here, the unexhausted claims are based on the discovery of new evidence.  Petitioner alleges that the prosecution's failure to disclose the criminal history of a material witness violated *Brady v. Maryland*, 373 U.S. at 87.  (Petition at 2-3; Application at 3.)  Here, the unexhausted claims are not plainly meritless because they present colorable federal claims.

If the district court decides to grant a stay to allow the petitioner to exhaust unexhausted claims in state court then reasonable time limits must be placed on the return trip to state court. *Rhines*, 544 U.S. at 278 (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) ("[District Courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.")). A thirty day limit will ensure that there will be no unnecessary delay once the claims are exhausted in state court.  As a condition for granting the stay, Leonardos must notify this Court within thirty days after the state court has completed the review of his claims.

The Court therefore exercises its discretion to stay the petition and hold it in abeyance while Leonardos returns to state court to exhaust his claims. *See Rhines*, 544 U.S. at 275.

## CONCLUSION

Accordingly, the Court hereby GRANTS Leonardos' application to hold his federal habeas petition in abeyance pending exhaustion. The case is hereby STAYED to allow Leonardos to present his unexhausted claims in state court. After the claims are exhausted, Leonardos may return to this Court and request that the stay be lifted.

Leonardos must notify this Court within thirty days after the state court has completed its review of his claims or after review of his claims has been refused.

If this condition is not satisfied, this Court may vacate the stay and act upon the petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by Leonardos in accordance with the condition noted above.

**IT IS SO ORDERED.**

Dated: April 19, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE